1  CHET A. KRONENBERG (State Bar No. 222335)
   ckronenberg@stblaw.com
2  COLIN H. ROLFS (State Bar No. 280654)
   colin.rolfs@stblaw.com
3  JOANNE S. JENNINGS (State Bar No. 298009)
   joanne.jennings@stblaw.com
4  SIMPSON THACHER & BARTLETT LLP
   1999 Avenue of the Stars, 29th Floor
5  Los Angeles, California 90067
   Telephone: (310) 407-7500
6  Facsimile: (310) 407-7502

7  Attorneys for Defendants
   500.COM LIMITED, MAN SAN LAW
8  and ZHENGMING PAN

9

10                UNITED STATES DISTRICT COURT

11              FOR THE CENTRAL DISTRICT OF CALIFORNIA

12                         WESTERN DIVISION

13

| | |
|---|---|
| 14  JOSEPH FRAGALA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS<br>15  SIMILARLY SITUATED,<br>16                    Plaintiff,<br>17           v.<br>18  500.COM LIMITED, MAN SAN LAW, ZHENGMING PAN, DEUTSCHE BANK<br>19  SECURITIES INC., PIPER JAFFRAY & CO., and OPPENHEIMER & CO. INC.,<br>20<br>21                    Defendants. | Case No. 2:15-cv-01463 JFW (Ex)<br><br>CLASS ACTION<br><br>STIPULATED [~~PROPOSED~~]<br>PROTECTIVE ORDER<br><br>DISCOVERY MATTER<br><br>Hon. Charles F. Eick<br><br>Action Filed: February 27, 2015<br>Trial Date:   December 20, 2016 |

22
23
24
25
26
27
28

---

# STIPULATED [PROPOSED] PROTECTIVE ORDER

Defendants 500.com Limited, Man San Law and Zhengming Pan and Lead Plaintiff Liu Shaolin submit that good cause supports the issuance of a protective order because this action is likely to involve the disclosure of non-public trade secret or other confidential research, development or commercial information in the course of discovery. Accordingly, upon stipulation of the parties to this action, it is hereby ordered that the following rules and procedures shall govern the disclosure of confidential information herein:

1.     Any information disclosed in the above-captioned matter by a signatory to this agreement (the "Producing Party") may be designated as "Confidential Information" by the Producing Party pursuant to the terms herein. Confidential Information is defined as "information that has not been made public and that the Producing Party believes in good faith constitutes a trade secret or other confidential research, development or commercial information." Confidential Information disclosed to a party (the "Receiving Party") may be used by the Receiving Party solely in connection with this litigation: *Joseph Fragala v. 500.com Limited, et al.*, Case No. 2:15-cv-01463 JFW (Ex), United States District Court for the Central District of California (the "Action").

2.     The designation of information or material as Confidential Information for purposes of this Protective Order shall be made in the following manner by the Producing Party:

   a.     in the case of documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission or other materials (apart from depositions): by affixing the legend "CONFIDENTIAL INFORMATION" as appropriate, to any document containing any confidential information or material at the time such documents are produced or such information is disclosed, or as soon thereafter as the Producing Party seeking

1 protection becomes aware of the confidential nature of the information or material
2 disclosed and sought to be protected hereunder; and
3       b. in the case of depositions: (i) by a statement on the record,
4 by counsel, during such deposition, that the entire transcript or a portion thereof
5 shall be designated as Confidential Information, as appropriate, hereunder; or (ii) by
6 written notice of such designation sent by counsel to counsel for all other parties
7 within twenty (20) days after the mailing by the court reporter to counsel of the
8 transcript of the deposition. During a deposition, the deponent or his counsel, or
9 any other counsel of record present at the deposition, may invoke the provisions of
10 this Protective Order in a timely manner, giving adequate warning to counsel for
11 the Producing Party that testimony about to be given is deemed Confidential
12 Information. The parties shall treat all deposition testimony as Confidential
13 Information until the expiration of twenty (20) days after the mailing (via overnight
14 mail) to counsel of the transcript of the deposition. Unless designated as
15 Confidential Information, any confidentiality is waived after the expiration of the
16 20-day period. The parties may modify this procedure for any particular deposition
17 or proceeding through agreement on the record at such deposition or proceeding or
18 otherwise by written stipulation, without further order of the Court. If any
19 document or information designated as Confidential Information is used during the
20 course of a deposition, that portion of the deposition record reflecting such
21 confidential information shall be sealed and stamped with the designated degree of
22 confidentiality, and access thereto shall be limited pursuant to the other terms of
23 this Protective Order.
24       3. Subject to the terms of this Stipulation, information or material
25 designated Confidential Information may be disclosed, summarized, described,
26 characterized or otherwise communicated or made available in whole or in part to
27 the following persons:
28

a. outside attorneys of record herein for the Receiving Party and other members or employees of their firm(s) who are working on this matter ("Counsel of Record");

b. parties and employees of the parties whose assistance is needed by Counsel of Record for the purposes of this litigation;

c. persons who have been retained by the Receiving Party or its Counsel of Record specifically to provide expert assistance or advice in this matter (collectively referred to as "Independent Advisors"), and persons regularly employed by them, to the extent necessary when working under the supervision of such an Independent Advisor in connection with this matter;

d. the Court and its employees;

e. court reporters, stenographers or videographers or other persons preparing transcripts of testimony under the supervision of a court reporter, stenographer or videographer;

f. persons who have been retained by the Receiving Party or its Counsel of Record specifically to consult with regard to jury- or trial-related matters, including the composition of the jury in this matter (collectively referred to as "Trial Consultants"), and persons regularly employed by them, to the extent necessary when working under the supervision of such a Trial Consultant in connection with this matter;

g. persons who have been retained by the Receiving Party or its Counsel of Record specifically to prepare demonstrative or other exhibits for deposition, trial or other court proceedings in this matter (collectively referred to as "Graphic Designers"), and persons regularly employed by them, to the extent necessary when working under the supervision of such a Graphic Designer in connection with this matter;

h. persons who have been retained by the Receiving Party or its Counsel of Record specifically to translate documents or information into

English in connection with this matter (collectively referred to as "Translators"), and persons regularly employed by them, to the extent necessary when working under the supervision of such a Translator in connection with this matter; and

      i.    any other person upon such terms and conditions as the parties may agree or as the Court hereafter by order direct.

4. All persons listed in Paragraphs 3(c), 3(e), 3(f), 3(g), 3(h) and 3(i) above may be given access to information or material designated as "Confidential Information," provided that they first confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of the form attached hereto as Exhibit A.

5. In the event that before, during or after trial or any hearing in this action, counsel for any party determines to file or submit to the Court any Confidential Information or any information derived therefrom, or any papers containing or making reference to such materials or information, the filing party will apply to file such documents or portions thereof containing or making reference to such materials or information under seal in accordance with the procedures set forth in the Local Rules for the Central District of California.

6. Any person may be examined as a witness during a deposition concerning any information or material designated as Confidential Information, which that person had lawfully received or authored prior to and apart from this action. During preparation for examination and examination, any such witness may be shown information or material designated as Confidential Information by a party which appears on its face or from other documents or testimony to have been authored by that witness, received by that witness from or communicated to that witness by that same party or otherwise appears on its face to contain information about which it appears reasonably likely that the witness has discoverable information.

7. A party may challenge the Producing Party's designation of information or materials as Confidential Information by serving a written objection upon the Producing Party. The Producing Party shall notify the challenging party in writing of the bases for the asserted designation within ten (10) days after receiving any written objection. The parties shall confer in good faith as to the validity of the designation within five (5) days after the challenging party has received the notice of the bases for the asserted designation. To the extent the parties are unable to reach an agreement as to the designation, the objecting party may make an appropriate application to this Court within fifteen (15) days after conferring with the Producing Party, or if no conferring takes place during the five (5) day meet and confer period (such as a failure by the Producing Party to respond to the challenging party's request to meet and confer) then, in such case, within fifteen (15) days of the expiration of the five (5) day meet and confer period the application may be made, with such application complying with Paragraph 5, requesting that specifically identified documents, information and/or deposition testimony be excluded from the provisions of this Protective Order or downgraded in terms of the degree of protection provided. In any such proceeding, the Producing Party shall bear the burden of demonstrating that the disputed confidential designation is legally warranted. Failure to make an application within this period shall constitute a waiver of the objection. Until a dispute over the asserted designation is finally resolved by the parties or the Court, all parties and persons shall treat the information or materials in question as designated.

8. All documents and pleadings of any nature containing Confidential Information and all copies thereof, shall be maintained in secure facilities and in a manner intended to minimize any risk of the inadvertent disclosure thereof.

9. All counsel for the parties who have access to information or material designated as Confidential Information under this Protective Order

acknowledge they are bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

10. Entering into, agreeing to and/or producing or receiving information or material designated as Confidential Information, or otherwise complying with the terms of this Protective Order shall not:

    a. operate as an admission by any party that any particular information or material designated as Confidential Information contains or reflects trade secrets, proprietary or commercially sensitive information or any other type of confidential information;

    b. operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any party to be Confidential Information;

    c. prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery;

    d. prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

    e. prejudice in any way the rights of any party to petition the Court for a further protective order relating to any purportedly confidential information;

    f. prevent any party to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material; and

    g. limit any party's ability to grant non-parties access to its own documents or information.

11. This Protective Order has no effect upon, and shall not apply to, a party's use or disclosure of its own Confidential Information for any purpose.

Nothing contained herein shall impose any restrictions above the applicable law on the use or disclosure by a party of documents, information or material designated as Confidential Information obtained lawfully by such party independently of any proceedings in this action or which:

    a.    was already known to such party by lawful means prior to acquisition from, or disclosure by, the other party in this action;

    b.    is or becomes publicly known through no fault or act of such party; or

    c.    is rightfully received by such party from a third party that has authority to provide such information or material and without restriction as to disclosure.

12.    In the event that information in the possession or control of a party involves the confidentiality rights of a non-party or its disclosure would violate a protective order issued in another action, the party with possession or control of the information will attempt to obtain the consent of the non-party to disclose the information under this Order. If the consent of the non-party cannot be obtained, the party will notify the party seeking discovery of: (a) the existence of the information without producing such information; and (b) the identity of the non-party (provided, however, that such disclosure of the identity of the non-party does not violate any confidentiality obligations). The party seeking discovery may then make further application to the non-party or seek other means to obtain such information.

13.    If a party inadvertently produces Confidential Information without marking it as such, it may be disclosed to others until the Receiving Party becomes aware of the error, unless it appears from the face of the document that it contains non-public, confidential, proprietary, commercially sensitive or trade secret information of the Producing Party. As soon as the Receiving Party becomes aware of the inadvertent production, the information must be treated as if it had

been timely designated under this Protective Order, and the Receiving Party must endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to access such information by Paragraphs 3 and 4 above, as well as any copies made by such persons.

14.  If a party inadvertently produces a document that it later discovers or in good faith asserts to be a privileged document, the production of that document shall not be deemed to constitute the waiver of any applicable privileges. In such circumstances, the Producing Party must notify the Receiving Party of the inadvertent production and request the return of the privileged materials. Within five (5) days of receiving such notification, the Receiving Party shall return all such materials, including any summaries thereof. Such return shall not preclude the Receiving Party from seeking to compel production of the materials for reasons other than its inadvertent production and shall not constitute an admission by the Receiving Party that the materials were, in fact, privileged in any way.

15.  If any party is (a) subpoenaed in an action other than the Action, (b) served with a demand in another action to which it is a party, or (c) served with any other legal process by one not a party to this action, seeking information or material which was produced or designated as Confidential Information by someone other than that party, such party shall give prompt written notice, by hand or facsimile transmission, within ten (10) days of receipt of such subpoena, demand or legal process, to those who produced or designated the information or material Confidential Information and shall object to its production to the extent permitted by law based on the existence of this Protective Order. The Producing Party shall then bear the obligation of bringing the motion to quash the subpoena or take any other legal action it deems necessary to protect the confidentiality of the information. Nothing herein shall be construed as requiring the party or anyone else covered by this Protective Order to challenge or appeal any order requiring

production of information or material covered by this Protective Order, or to subject itself to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court.

16. A party may designate as Confidential Information documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant documents numbers or other identification within thirty (30) days after receiving such documents or discovery materials. Any party or non-party may voluntarily disclose to others without restriction any information designated by such party or non-party as Confidential Information and not so designated by another party or non-party, although a document may lose its confidential status if it is made public.

17. By agreeing to be bound by the terms of this Order, a non-party shall have the benefits, rights and protection of a Producing Party under this Order and have standing under this Order to bring a claim for violations of its terms against the parties and against any person who signed an undertaking as provided by this Order. Such a non-party must comply with all terms of this Order.

18. Notwithstanding any challenge to the designation of material as Confidential Information, all such documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

    a. the party or non-party who claims that the material is Confidential Information withdraws such designation in writing; or

    b. the party or non-party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material as such within the time period specified above after a written challenge to such designation; or

    c. the Court rules the material is not Confidential Information.

19. It is the present intention of the parties that the provisions of this Protective Order shall govern discovery in this action. Nonetheless, each of the parties hereto shall be entitled to seek modification of this Protective Order by application to the Court on notice to the other parties hereto for good cause.

20. At the conclusions of all proceedings in the Action, whether by settlement or final judgment, and including but not limited to final adjudication of any appeals, petitions for hearing or extraordinary writs, judgment or settlement, each Designating Party may request that its Confidential Information and all copies thereof and all documents reflecting the content of its Confidential Information, that are in the custody of other parties (or their transferees) be returned to counsel for the Designating Party or destroyed within sixty (60) days after receipt of such request. Counsel for the respective parties shall confirm in writing to the requesting Designating Party that they have given notice of the request to any transferees of the Confidential Documents, and have themselves complied with the requirements of this paragraph. Nothing contained herein shall limit the right of counsel to keep copies of its work product that contains Confidential Information, provided that such work product is appropriately marked as Confidential Information.

1  Dated: May 11, 2016

2                                LEVI & KORSINSKY, LLP

3

4                                By /s/ Shannon L. Hopkins
                                     SHANNON L. HOPKINS

5                                Attorneys for Lead Plaintiff
                              LIU SHAOLIN

6

7  Dated: May 11, 2016

8

9                                SHEPHERD, FINKELMAN, MILLER & SHAH, LLP

10

11                               By /s/ Valerie L. Chang
                                     VALERIE L. CHANG

12                                Attorneys for Lead Plaintiff
                              LIU SHAOLIN

13

14  Dated: May 11, 2016

15

16                                SIMPSON THACHER & BARTLETT LLP

17                               By /s/ Chet A. Kronenberg
                                   CHET A. KRONENBERG

18

19                                Attorneys for Defendants
                              500.COM LIMITED, MAN SAN LAW and ZHENGMING PAN

**IT IS SO ORDERED**

Dated: 5/11, 2016.

_____
Hon. Charles F. Eick
United States Magistrate Judge

## EXHIBIT A

## CERTIFICATION

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Proposed Confidentiality Agreement and Protective Order dated May __, 2016 in *Joseph Fragala v. 500.com Limited, et al.*, Case No. 2:15-cv-01463 JFW (Ex), United States District Court, Central District of California. I have been given a copy of that Order and read it.

I agree to be bound by the Order. I will not reveal Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information, including copies, notes, or other transcriptions made therefrom, in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information, including copies, notes or other transcriptions made therefrom, to the counsel who provided me with it. I hereby consent to the jurisdiction of the United States District Court, Central District of California, for the purpose of enforcing the Confidentiality Order.

I declare under penalty of perjury that the foregoing is true and correct and that this certificate is executed this __ day of _____, at _____.

By: _____

Address: _____

_____

Phone: _____