UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH FRAGALA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>500.COM LIMITED, MAN SAN LAW, ZHENGMING PAN, DEUTSCHE BANK SECURITIES INC., PIPER JAFFRAY & CO., AND OPPENHEIMER & CO. INC.,<br><br>Defendants. | No. 2:15-CV-01463-JFW (Ex)<br><br>**ORDER PRELIMINARY APPROVING CLASS ACTION SETTLEMENT AND PROVIDING FOR NOTICE OF PROPOSED SETTLEMENT**<br><br>Judge: Hon. John F. Walter |

WHEREAS a class action is pending before the Court entitled *Joseph Fragala v. 500.com Limited, et al.*, Case No. 2:15-cv-01463 JFW (Ex) (the "Action");

WHEREAS the Court has reviewed the Stipulation and Agreement of Settlement dated as of September 12, 2016 (the "Stipulation"), which has been entered into by the Lead Plaintiff (on behalf of the Settlement Class); and 500.com Limited ("500.com"), Man San Law and Zhengming Pan (collectively, "Defendants," and together with Lead Plaintiff, the "Settling Parties");

WHEREAS the Stipulation, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice (the "Settlement");

WHEREAS the Settling Parties have made an application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement;

WHEREAS the Settling Parties have consented to the entry of this Order; and

WHEREAS all capitalized and defined terms contained herein shall have the same meaning as set forth in the Stipulation;

NOW, THEREFORE, THE COURT HAVING READ AND CONSIDERED THE STIPULATION, THE EXHIBITS ANNEXED THERETO, AND SUBMISSIONS MADE RELATING TO THE SETTLEMENT, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2. Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, the Action is hereby preliminarily certified as a class action on behalf of all Persons (including, without

1 limitation, their beneficiaries) who purchased or otherwise acquired American
2 Depository Shares (ADSs) of 500.com between November 22, 2013 and March 2,
3 2015, inclusive, excluding: (i) those Persons who timely and validly request
4 exclusion from the Settlement Class; and (ii) Defendants and any entity in which
5 the Defendants have a controlling interest, and the officers, directors, affiliates,
6 legal representatives, immediate family members, heirs, successors, subsidiaries
7 and/or assigns of any such individual or entity in their capacity as such
8 ("Settlement Class Members").

9       3. The Court finds, preliminarily and for purposes of this Settlement
10 only, that the prerequisites for a class action under Rules 23(a) and 23(b)(3) of the
11 Federal Rules of Civil Procedure have been satisfied in that: (a) the number of
12 Settlement Class Members is so numerous that joinder of all members of the
13 Settlement Class is impracticable; (b) there are questions of law or fact common
14 to the Settlement Class Members that predominate over any individual questions;
15 (c) the claims of the Lead Plaintiff are typical of the claims of the Settlement
16 Class he seeks to represent; (d) the Lead Plaintiff fairly and adequately represents
17 the interests of the Settlement Class; and (e) a class action is superior to other
18 available methods for the fair and efficient adjudication of the Action.

19       4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure,
20 preliminarily and for the purposes of this Settlement only, the Lead Plaintiff is
21 appointed as the class representative on behalf of the Settlement Class, and Levi &
22 Korsinsky LLP is hereby appointed Counsel for the Settlement Class ("Plaintiff's
23 Counsel"). Plaintiff's Counsel have the authority to enter into the Stipulation on
24 behalf of the Settlement Class and are authorized to act on behalf of the
25 Settlement Class with respect to all acts or consents required by or that may be
26 given pursuant to the Settlement.

27       5. The Court finds that: (a) the Stipulation resulted from good faith,
28 arm's-length negotiations; and (b) the Stipulation is sufficiently fair, reasonable

1  and adequate to the Settlement Class Members to warrant providing notice of the
2  Settlement to Settlement Class Members and holding a Settlement Hearing.

3        6.  The Settlement Hearing shall be held before the Honorable John F.
4  Walter on March 6, 2017, at 1:30 p.m. at the United States District Court for the
5  Central District of California, 350 W. 1st Street, Los Anglees, California 90012,
6  to determine whether the proposed Settlement of the Action on the terms and
7  conditions provided for in the Stipulation is fair, reasonable and adequate to the
8  Settlement Class and should be approved by the Court; whether a Final Judgment
9  and Order of Dismissal with Prejudice ("Final Judgment") as provided in Exhibit
10 B to the Stipulation should be entered herein; whether the proposed Plan of
11 Allocation should be approved; to determine the amount of fees and expenses that
12 should be awarded to Plaintiff's Counsel; and to rule upon such other matters as
13 the Court may deem appropriate. The Court may adjourn or continue the
14 Settlement Hearing without further notice to Settlement Class Members.

15       7.  The Court approves, as to form and content, the Notice of Proposed
16 Settlement of Class Action and Settlement Fairness Hearing and Motion for
17 Attorneys' Fees and Reimbursement of Expenses (the "Notice"), the Publication
18 Notice ("Publication Notice"), and the Proof of Claim and Release form (the
19 "Proof of Claim"), annexed as Exhibits A-1, A-2 and A-3 to the Stipulation,
20 respectively.

21       8.  The Court appoints RG/2 Claims Administration LLC as the Claims
22 Administrator to supervise and administer the notice procedure as well as the
23 processing of claims, as follows:

24       (a) Not later than seven (7) days after the date of this Order, 500.com
25 shall provide to Lead Counsel or the Claims Administrator a list of the names and
26 last known addresses of the persons and entities who were 500.com ADS holders
27 of record during the Class Period, as 500.com or the depository for such ADSs
28 possess, in electronic format.  Lead Plaintiff agrees that this information will be

1  kept confidential and not used for any purpose other than to provide the notice
2  contemplated by this Order.

3   (b) Not later than fourteen (14) days after the date of this Order (the
4  "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the
5  Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-3 to the
6  Stipulation, to be mailed by first class mail to all record owners of 500.com ADSs
7  identified pursuant to paragraph ¶ 8(a).

8   (c) Not later than twenty-one (21) days after the date of this Order, the
9  Claims Administrator shall cause the Publication Notice to be published once in
10 <u>Investors's Business Daily</u> and to be transmitted over <u>PR Newswire</u>.

11  9. Record owners who are nominees or custodians who held ADSs
12 during the Class Period for the benefit of Settlement Class Members shall within
13 ten (10) days of receipt of the Notice and Proof of Claim as provided in ¶ 8(b)
14 hereof, either (i) request additional copies of the Notice and Proof of Claim
15 sufficient to send the Notice and Proof of Claim to all beneficial owners for whom
16 they are nominee or custodian, and within ten (10) days after receipt thereof send
17 copies to such beneficial owners; or (ii) provide a list of the names, addresses and
18 email addresses of such beneficial owners to the Claims Administrator, in which
19 event the Claims Administrator shall promptly deliver the Notice and Proof of
20 Claim to such beneficial owners. Nominees who elect to send the Notice and Proof
21 of Claim to their beneficial owners shall send a statement certification to the
22 Claims Administrator confirming that the mailing has been made as directed. The
23 Claims Administrator shall, if requested, reimburse banks, brokerage houses or
24 other nominees or custodians out of the Settlement Fund solely for their reasonable
25 out-of-pocket expenses incurred in providing notice to beneficial owners, which
26 expenses would not have been incurred except for the sending of such notice, and
27 subject to further order of this Court with respect to any dispute concerning such
28 reimbursement.

10. Not later than fourteen (14) days after the date of this Order, the Claims Administrator shall cause the Stipulation and its exhibits, this Preliminary Approval Order, and a copy of the Notice to be posted on a website maintained by the Claims Administrator.

11. Not later than twenty-eight (28) days prior to the Settlement Hearing, Plaintiff's Counsel shall cause to be filed with the Court proof, by affidavit or declaration, of the mailing and publishing required by this Order.

12. The forms and methods set forth herein of notifying Settlement Class Members of the Settlement and its terms and conditions meet the requirements of due process, Rule 23 of Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. 78u- 4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all Persons entitled thereto.

13. All Settlement Class Members shall be bound by all determinations and judgments in this Action concerning the Settlement, unless such Persons request exclusion from the Settlement Class in a timely and proper manner.

14. Any Person falling within the definition of the Settlement Class may, upon request, be excluded from the Settlement Class. Any request for exclusion must be in the form of a written, signed statement (the "Request for Exclusion") and received by the Claims Administrator at the address designated in the Notice on or before December 30_, 2016 (the "Exclusion Deadline").

15. In order to be valid, each such Request for Exclusion (A) must state the name, address, email address and telephone number of the Person seeking exclusion; state that the sender "requests exclusion from the Settlement Class in *Joseph Fragala v. 500.com Limited, et al.*, Case No. 2:15-cv-01463 JFW (Ex)," and state (i) the date(s), number and dollar amount of ADSs purchased, and of any sale transactions; and (ii) the number of ADSs held by that Person as of March 2,

2015; and (B) must be submitted with documentary proof (i) of all purchase or obtainment or sale of ADSs; and (ii) demonstrating the Person's status as a beneficial owner of the ADS. Any such Request for Exclusion must be signed and submitted by the beneficial owner.

16. A Request for Exclusion shall not be valid or effective unless it provides the required information as true and accurate and is made within the time stated above. The Claims Administrator shall provide all Requests for Exclusion and supporting documentation submitted therewith (including untimely requests) to counsel for the Settling Parties as soon as possible and no later than the Exclusion Deadline or upon the receipt thereof (if later than the Exclusion Deadline). The Settlement Class will not include any Person who delivers a valid and timely Request for Exclusion.

17. Any Settlement Class Member who submits a Request for Exclusion shall not be deemed to have submitted to the jurisdiction of any Court in the United States for any matter on account of such submission, and any Settlement Class Member who submits a Proof of Claim thereby submits to the jurisdiction of this Court with respect only to the subject matter of such Proof of Claim and all determinations made by this Court thereon and shall not be deemed to have submitted to the jurisdiction of this Court or of any court in the United States for any other matter on account of such submission.

18. Any Person that submits a Request for Exclusion may thereafter submit to the Claims Administrator a written revocation of that Request for Exclusion, provided that it is received no later than two business days before the Settlement Hearing, in which event that Person will be included in the Settlement Class.

19. All Persons who submit a valid, timely and unrevoked Request for Exclusion will be forever barred from receiving any payments pursuant to the Settlement.

20. Any Settlement Class Member who wishes to share in the distribution of the proceeds of the Settlement shall complete and submit a Proof of Claim form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim forms must be received by the Claims Administrator no later than January 14, 2017. Any Settlement Class Member who does not submit a valid Proof of Claim and the information and documentation required therein within the time allowed shall be barred from sharing in the distribution of the proceeds of the Settlement, unless otherwise ordered by the Court.

21. Except where a Settlement Class Member who submits a Request for Exclusion commences or otherwise prosecutes or pursues a Released Claim against a Released Party, all information submitted by a Settlement Class Member in a Request for Exclusion or a Proof of Claim shall be treated as confidential protected information and may not be disclosed by the Claims Administrator, its affiliates or the Settling Parties to any third party absent a further order of this Court upon a showing of necessity, and any such information that is submitted to the Court shall be filed under seal.

22. Any Settlement Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice, in which case such counsel must file with the Clerk of the Court a notice of such appearance. Absent entry of an appearance by counsel, Settlement Class Members will be represented by Plaintiff's Counsel.

23. Any Settlement Class Member may appear and show cause why the proposed Settlement should or should not be approved as fair, reasonable and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and reimbursement of expenses should or should not be awarded to Plaintiff's Counsel; provided, however, that no Settlement Class Member or any other

Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Final Judgment, or any other order relating thereto, unless that Person has filed appropriate objections, affidavits and briefs with the Clerk of the United States District Court for the Central District of California, on or before the Exclusion Deadline and delivered copies of any such papers to counsel identified in the Notice on or before such date.  Any Settlement Class Member who does not make an objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any such objection, unless otherwise ordered by the Court.

24. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the Stipulation and Plan of Allocation and/or further order(s) of the Court.

25. All papers in support of the Settlement, the Plan of Allocation, and the application for attorneys' fees or expenses, shall be filed and served not later than twenty-eight (28) days prior to the Settlement Hearing.  Any reply papers shall be filed and served no later than fourteen (14) days prior to the Settlement Hearing.

26. Defendants, their counsel and the Released Parties shall have no responsibility for or liability with respect to the Plan of Allocation or any application for attorneys' fees or expenses submitted by Plaintiff's Counsel or the Lead Plaintiff, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

27. All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as in administering the Settlement, including payment of any taxes, shall be paid as set forth in the Stipulation.

28. Neither the Stipulation, nor any of its terms or provisions, nor any of

the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants or any of the Released Parties of the truth of any of the allegations in the Action, or of any liability, fault or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of or an admission or concession that the Lead Plaintiff or any Settlement Class Members have suffered any damages, harm or loss. Further, neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by the Lead Plaintiff of the validity of any factual or legal defense or of any infirmity in any of the claims or facts alleged in this Action.

29. The Settling Parties may elect to terminate the Settlement only as provided in the Stipulation. In such event, or in the event the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, then the Stipulation and this Order (including any amendment(s) thereof, and except as expressly provided in the Stipulation or by order of the Court) shall be rendered null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Settling Parties or the Released Parties, and each shall be restored to his, her or its respective litigation positions as they existed prior to the execution of the Stipulation.

30. Pending final determination of whether the Settlement should be approved or further order of the Court, the Court hereby stays all litigation of claims and related discovery in the Action between the Lead Plaintiff and Settlement Class Members on one hand and the Defendants on the other, except as provided in the Stipulation and as necessary to carry out or comply with the terms and conditions of the Stipulation.

31. Except as provided in the Stipulation, pending final determination of

1  whether the Settlement should be approved or further order of the Court, no
2  potential Settlement Class Member, whether directly, representatively or in any
3  other capacity, and whether or not such Persons have appeared in the Action, shall
4  commence or prosecute in any court or forum any proceeding involving the
5  subject matter of any of the Released Claims against any of the Released Parties.
6  This injunction is necessary to protect and effectuate the Settlement, this Order
7  and the Court's flexibility and authority to effectuate the Settlement and to enter
8  judgment when appropriate, and is ordered in aid of the Court's jurisdiction and to
9  protect its judgments.

10      32. The Court reserves the right to consider all further applications
11  arising out of or connected with the Stipulation. The Court may approve the
12  Settlement, with such modifications as may be agreed to by the Settling Parties,
13  without further notice to the Settlement Class, where to do so would not impair
14  Settlement Class Members' rights in a manner inconsistent with Rule 23 and due
15  process of law.

16      IT IS SO ORDERED.

17  DATED: November 1, 2016

                                    The Honorable John F. Walter
                                    United States District Court