NOTE: CHANGES MADE BY THE COURT

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH FRAGALA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>    Plaintiff,<br><br>    v.<br><br>500.COM LIMITED, MAN SAN LAW, ZHENGMING PAN, DEUTSCHE BANK SECURITIES INC., PIPER JAFFRAY & CO., AND OPPENHEIMER & CO. INC.,<br><br>    Defendants. | No. 2:15-CV-01463-JFW (Ex)<br><br>**CLASS ACTION**<br><br>**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |

1   This matter came before the Court for hearing pursuant to the Order
2   Preliminarily Approving Settlement and Providing for Notice of Proposed
3   Settlement ("Preliminary Approval Order"), dated November 1, 2016, on the
4   application of the Lead Plaintiff for approval of the Settlement set forth in the
5   Stipulation of Settlement dated as of September 12, 2016 (the "Stipulation"). Due
6   and adequate notice having been given to the Settlement Class as required in said
7   Preliminary Approval Order, and the Court having considered all papers filed and
8   proceedings held herein, and otherwise being fully informed in the premises and
9   good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND
10  DECREED that:

11  1.   This Final Judgment and Order of Dismissal With Prejudice (the
12  "Final Judgment") incorporates by reference the definitions in the Stipulation, and
13  all terms used herein shall have the same meanings as set forth in the Stipulation.

14  2.   This Court has jurisdiction over the subject matter of the Action and
15  over all parties to the Action, including all Settlement Class Members.

16  3.   The distribution of the Notice and the issuance of the Publication
17  Notice, as provided for in the Preliminary Approval Order, constituted the best
18  notice practicable under the circumstances, including individual notice to all
19  Settlement Class Members who could be identified through reasonable effort.
20  Said notices fully satisfied the requirements of Federal Rule of Civil Procedure
21  23, Section 21D(a)(7) of the Securities Exchange Act of 1934, as amended by the
22  Private Securities Litigation Reform Act of 1995 (15 U.S.C. ¶78u-4(a)(7)), the
23  requirements of due process and any other applicable law.

24  4.   The Court finds that 500.com has provided notice pursuant to the
25  Class Action Fairness Act of 2005, 28 U.S.C. §§ 1715.

26  5.   The Court finds that the prerequisites for a class action under Rule
27  23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied for
28  purposes of this Settlement in that: (a) the number of Settlement Class Members is

1  so numerous that joinder of all members thereof is impracticable; (b) there are
2  questions of law or fact common to the Settlement Class that predominate over
3  any individual questions; (c) the claims of the Lead Plaintiff are typical of the
4  claims of the Settlement Class he seeks to represent; (d) the Lead Plaintiff fairly
5  and adequately represents the interests of the Settlement Class; and (e) a class
6  action is superior to other available methods for the fair and efficient adjudication
7  of this Action.

8        6. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil
9  Procedure, the Court hereby certifies the Action as a class action for purposes of
10 this Settlement only, and certifies as the Settlement Class all Persons (including,
11 without limitation, their beneficiaries) who purchased or otherwise acquired
12 American Depository Shares (ADSs) of 500.com between November 22, 2013
13 and March 2, 2015, inclusive, excluding (i) those Persons who timely and validly
14 request exclusion from the Settlement Class; and (ii) the Defendants and any
15 entity in which the Defendants have a controlling interest, and the officers,
16 directors, affiliates, legal representatives, immediate family members, heirs,
17 successors, subsidiaries and/or assigns of any such individual or entity in their
18 capacity as such ("Settlement Class Members").

19       7. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this
20 Court hereby approves the Settlement set forth in the Stipulation and finds that
21 said Settlement is, in all respects, fair, reasonable and adequate to, and is in the
22 best interests of, the Lead Plaintiff, the Settlement Class and each of the
23 Settlement Class Members. This Court further finds the Settlement set forth in the
24 Stipulation is the result of good faith, arm's-length negotiations between
25 experienced counsel representing the interests of the Lead Plaintiff, Settlement
26 Class Members and Defendants. Accordingly, the Settlement embodied in the
27 Stipulation is hereby approved in all respects and shall be consummated in
28 accordance with its terms and provisions. The Settling Parties are hereby directed

1  to perform the terms of the Stipulation.

2        8.     In accordance with Paragraph 1.7 of the Stipulation, for purposes of
3  this Final Judgment, the term "Claims" shall mean: any and all manner of claims,
4  demands, rights, actions, potential actions, causes of action, liabilities, duties,
5  damages, losses, diminutions in value, obligations, agreements, suits, fees,
6  attorneys' fees, expert or consulting fees, debts, expenses, costs, sanctions,
7  judgments, decrees, matters, issues and/or controversies of any kind or nature
8  whatsoever, whether known or unknown, contingent or absolute, liquidated or not
9  liquidated, accrued or unaccrued, suspected or unsuspected, disclosed or
10 undisclosed, apparent or not apparent, foreseen or unforeseen, matured or not
11 matured, which now exist, or heretofore or previously existed, or may hereafter
12 exist (including, but not limited to, any claims arising under federal, state or
13 foreign law, common law, bankruptcy law, statute, rule or regulation relating to
14 alleged fraud, breach of any duty, negligence, fraudulent conveyance, avoidance,
15 violations of the Securities Act of 1933, as amended and rules promulgated
16 thereunder, violations of the Securities Exchange Act of 1934, as amended and
17 rules promulgated thereunder, violations of other federal securities laws or
18 otherwise), whether individual, class, direct, derivative, representative, on behalf
19 of others, legal, equitable, regulatory, governmental or of any other type or in any
20 other capacity.

21       9.     In accordance with Paragraph 1.9 of the Stipulation, for purposes of
22 this Final Judgment, the term "Defendants" shall mean: 500.com Limited, Man
23 San Law and Zhengming Pan.

24       10.    In accordance with Paragraph 1.26 of the Stipulation, for purposes of
25 this Final Judgment, the term "Released Claims" shall mean: any and all Claims,
26 including Unknown Claims, that have been, could have been or in the future can
27 or might be asserted in any federal, state or foreign court, tribunal, forum or
28 proceeding by or on behalf of any of the Releasing Parties against any one or

more of the Released Parties, whether any such Released Parties were named, served with process or appeared in the Action, which directly or indirectly arise out of or relate to (i) the Action; (ii) 500.com's Prospectus and Registration Statement for its November 22, 2013 initial public offering; (iii) marketing and/or selling of the ADSs by one or more of the Defendants and/or the Released Parties in connection with 500.com's initial public offering and/or during the Class Period; (iv) the purchase, sale or decision not to sell the ADS by any of the Releasing Parties in connection with 500.com's initial public offering and/or during the Class Period; or (v) any claims in connection with, based upon, arising out of or relating to the Settlement (but excluding any claims to enforce the terms of the Settlement).

11. In accordance with Paragraph 1.27 of the Stipulation, for purposes of this Final Judgment, the term "Released Parties" shall mean: (i) 500.com, its past, present and future, direct or indirect, parent entities, associates, affiliates and subsidiaries, each and all of their respective past, present and future directors, officers, partners, alleged partners, stockholders, predecessors, successors and employees and each and all of their underwriters, attorneys, advisors, consultants, trustees, insurers, co-insurers, reinsurers, representatives and assigns; (ii) each of the Individual Defendants and their respective present, past and future spouses, parents, siblings, children, grandparents and grandchildren, the present, past and future spouses of their respective parents, siblings and children and the present, past and future parents and siblings of their respective spouses, including step and adoptive relationships; (iii) any and all persons, firms, trusts, corporations and other entities in which any of the Defendants or foregoing Released Parties has a financial interest or was a founder, settler or creator and, in their capacity as such, any and all officers, directors, employees, trustees, beneficiaries, settlers, creators, attorneys, consultants, agents or representatives of any such person, firm, trust, corporation or other entity; and (iv) in their capacity as such, the legal

1 representatives, heirs, executors, administrators, predecessors, successors, 2 predecessors-in-interest, successors-in-interest and assigns of any of the 3 foregoing.

4  12. In accordance with Paragraph 1.28 of the Stipulation, for the 5 purposes of this Final Judgment, the term "Releasing Parties" shall mean: the 6 Lead Plaintiff, each and every member of the Settlement Class and each of their 7 respective parent entities, associates, affiliates, subsidiaries, predecessors, 8 successors, assigns, attorneys, heirs, representatives, administrators, executors, 9 devisees, legatees and estates.

10  13. In accordance with Paragraph 1.35 of the Stipulation, for the 11 purposes of this Final Judgment, the term "Unknown Claims" shall mean: all 12 claims, demands, rights, liabilities and causes of action of every nature and 13 description which any Settlement Class Member does not know or suspect to exist 14 in his, her or its favor at the time of the release of the Released Parties which, if 15 known by him, her or it, might have affected his, her or its settlement with and 16 release of the Released Parties, or might have affected his, her or its decision not 17 to opt-out or object to this Settlement.  With respect to any and all Released 18 Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the 19 Lead Plaintiff shall expressly waive, and each of the Settlement Class Members 20 shall be deemed to have waived, and by operation of the Final Judgment shall 21 have waived, the provisions, rights and benefits of California Civil Code § 1542, 22 which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Lead Plaintiff shall expressly waive and each of the Settlement Class Members shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state, territory, foreign country or principle of common law, which

FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE
Case No. 2:15-CV-01463-JFW (Ex)
6

1 is similar, comparable or equivalent to California Civil Code § 1542. Lead
2 Plaintiff and/or one or more Settlement Class Members may hereafter discover
3 facts in addition to or different from those which he, she or it now knows or
4 believes to be true with respect to the subject matter of the Released Claims, but
5 the Lead Plaintiff shall expressly fully, finally and forever settle and release, and
6 each Settlement Class Member, upon the Effective Date, shall be deemed to have,
7 and by operation of the Final Judgment shall have, fully, finally and forever
8 settled and released, any and all Released Claims, known or unknown, suspected
9 or unsuspected, contingent or non-contingent, whether or not concealed or hidden,
10 which now exist, or heretofore have existed, upon any theory of law or equity now
11 existing or coming into existence in the future, including, but not limited to,
12 conduct which is negligent, intentional, with or without malice, or a breach of
13 fiduciary duty, law or rule, without regard to the subsequent discovery or
14 existence of such different or additional facts. The Lead Plaintiff acknowledges,
15 and the Settlement Class Members shall be deemed by operation of the Final
16 Judgment to have acknowledged, that the foregoing waiver was separately
17 bargained for and a key element of the Settlement of which this release is a part.

18     14. Except as to any individual claim of those Persons who pursuant to
19 the Notice, timely requested exclusion from the Settlement Class before the
20 December 30, 2016 deadline, the Action and all claims contained therein, as well
21 as all of the Released Claims, are dismissed with prejudice as against each and all
22 of the Defendants. The parties are to bear their own costs, except as otherwise
23 provided in the Stipulation.

24     15. The Releasing Parties, on behalf of themselves, their successors and
25 assigns, and any other Person claiming (now or in the future) through or on behalf
26 of them, regardless of whether any such Releasing Party ever seeks or obtains by
27 any means, including without limitation by submitting a Proof of Claim, any
28 disbursement from the Settlement Fund, shall be deemed to have, and by

operation of this Final Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Claims (including Unknown Claims) against the Released Parties and shall have covenanted not to sue the Released Parties with respect to all such Released Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Claim, either directly, representatively, derivatively or in any other capacity, against any of the Released Parties. Nothing contained herein shall, however, bar the Releasing Parties from bringing any action or claim to enforce the terms of the Stipulation or this Final Judgment.

16. Defendants, on behalf of themselves, their heirs, executors, predecessors, successors and assigns, shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally and forever released, relinquished, and discharged the Lead Plaintiff, Settlement Class Members and Plaintiff's Counsel from all Claims which arise out of, concern or relate to the institution, prosecution, settlement or dismissal of the Action (the "Defendant Released Claims"), and shall be permanently enjoined from prosecuting the Defendant Released Claims against the Lead Plaintiff, Settlement Class Members and Plaintiff's Counsel. Nothing contained herein shall, however, bar Defendants and the Released Parties from bringing any action or claim to enforce the terms of the Stipulation or this Final Judgment.

17. To the fullest extent permitted by law, all Persons shall be permanently enjoined, barred and restrained from bringing, commencing, prosecuting or asserting any claims, actions or causes of action for contribution, indemnity or otherwise against any of the Released Parties seeking as damages or otherwise the recovery of all or any part of any liability, judgment or settlement which they pay or are obligated to pay or agree to pay to the Settlement Class or

1 any Settlement Class Member arising out of, relating to or concerning such 2 Persons' participation in any acts, facts, statements or omissions that were or 3 could have been alleged in the Action, whether arising under state, federal or 4 foreign law as claims, cross-claims, counterclaims, third-party claims or 5 otherwise, in the Court or any other federal, state or foreign court, or in any 6 arbitration proceeding, administrative agency proceeding, tribunal or any other 7 proceeding or forum.

8      18.    The Court hereby finds that the proposed Plan of Allocation is a fair 9 and reasonable method to allocate the Net Settlement Fund among Settlement 10 Class Members and directs that Plaintiff's Counsel implement the Plan of 11 Allocation in accordance with the terms of the Stipulation.

12      19.    The Court hereby grants Plaintiff's Counsel attorneys' fees of 25% of 13 the Settlement Fund, or $625,000.00, and expenses in an amount of $37,965.77 14 together with the interest earned thereon for the same time period and at the same 15 rate as that earned on the Settlement Fund. The Court finds that the amount of fees 16 awarded is fair and reasonable in light of the time and labor required, the novelty 17 and difficulty of the case, the skill required to prosecute the case, the experience 18 and ability of the attorneys, awards in similar cases, the contingent nature of the 19 representation and the result obtained for the Settlement Class.

20      20.    Neither the Stipulation nor the Settlement contained therein, nor any 21 act performed or document executed pursuant to or in furtherance of the 22 Stipulation or the Settlement: (a) is, or may be deemed to be, or may be used as an 23 admission, concession or evidence of, the validity or invalidity of any Released 24 Claims, the truth or falsity of any fact alleged by the Lead Plaintiff, the sufficiency 25 or deficiency of any defense that has been or could have been asserted in the 26 Action, or of any wrongdoing, liability, negligence or fault of the Defendants, the 27 Released Parties, or any of them; (b) is or may be deemed to be or may be used as 28 an admission of, or evidence of, any fault or misrepresentation or omission with

1  respect to any statement or written document attributed to, approved or made by
2  any of the Defendants or Released Parties in any civil, criminal or administrative
3  proceeding in any court, administrative agency or other tribunal; (c) is or may be
4  deemed to be or shall be used, offered or received against the Settling Parties, the
5  Defendants or the Released Parties, or each or any of them, as an admission,
6  concession or evidence of the validity or invalidity of the Released Claims, the
7  infirmity or strength of any claim raised in the Action, the truth or falsity of any
8  fact alleged by the Lead Plaintiff or the Settlement Class, or the availability or
9  lack of availability of meritorious defenses to the claims raised in the Action;
10 and/or (d) is or may be deemed to be or shall be construed as or received in
11 evidence as an admission or concession against the Defendants, or the Released
12 Parties, or each or any of them, that any of Lead Plaintiff's or Settlement Class
13 Members' claims are with or without merit, that a litigation class should or should
14 not be certified, that damages recoverable under the FAC would have been greater
15 or less than the Settlement Fund or that the consideration to be given pursuant to
16 the Stipulation represents an amount equal to, less than or greater than the amount
17 which could have or would have been recovered after trial.

18   21.   The Released Parties may file the Stipulation and/or this Final
19 Judgment in any other action that may be brought against them in order to support
20 a defense or counterclaim based on principles of res judicata, collateral estoppel,
21 full faith and credit, release, good faith settlement, judgment bar or reduction or
22 any other theory of claim preclusion or issue preclusion or similar defense or
23 counterclaim.

24   22.   The Court finds that during the course of the Action, the Settling
25 Parties and their respective counsel at all times complied with the requirements of
26 Federal Rule of Civil Procedure 11.

27   23.   In the event that the Settlement does not become effective in
28 accordance with the terms of the Stipulation or the Effective Date does not occur,

1 or in the event that the Settlement Fund, or any portion thereof, is returned to
2 500.com in accordance with the terms of the Stipulation, then this Final Judgment
3 shall be vacated and rendered null and void to the extent provided by and in
4 accordance with the Stipulation and, in such event, all orders entered and releases
5 delivered in connection herewith shall be null and void to the extent provided by
6 and in accordance with the Stipulation.

7     24.    The foregoing orders solely regarding the Plan of Allocation or
8 request for payment of fees and reimbursement of expenses, including, if
9 applicable, a request for payment of an incentive award (Stipulation ¶ 7.1), shall in
10 no way disturb or affect this Final Judgment and shall be separate and apart from
11 this Final Judgment.

12     25.    The Court expressly determines that there is no just reason for delay
13 in entering this Final Judgment and directs the Clerk of the Court to enter this
14 Final Judgment pursuant to Fed. R. Civ. P. 54(b).

15     26.    Without affecting the finality of this Final Judgment in any way,
16 exclusive jurisdiction is hereby retained over the Defendants, and the Settlement
17 Class Members for all matters relating to the Action, including (i) the
18 administration, interpretation, effectuation or enforcement of the Stipulation and
19 this Final Judgment, (ii) disposition of the Settlement Fund; and (iii) any
20 application for attorneys' fees, costs, interest and reimbursement of expenses in
21 the Action.

Dated: March 6, 2017

_____
The Honorable John F. Walter
United States District Judge